IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MARIE WOODWARD, on behalf of herself and all others similarly situated, | : : : : | |
| Plaintiff, | : : | Civil Action File No. 4:14-cv-78-HLM-WEJ |
| v. | : : | **Jury Trial Demanded** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | : : : | |
| Defendant. | : : | |

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

1. Plaintiff MARIE WOODWARD, on behalf of herself and all others similarly situated, alleges PORTFOLIO RECOVERY ASSOCIATES, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*, ("FDCPA") by altering the Georgia statutory form summons for Magistrate Court in a manner designed to deprive consumers of important information for defending cases and to falsely impose burdens on consumers that the Georgia General Assembly has decided should not be imposed on defendants in Magistrate Courts.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k(d).  Venue in this District is proper because the Plaintiff resides here and the Defendant does business in this District.

## PARTIES

3. Plaintiff MARIE WOODWARD is a natural person who resides in the Northern District of Georgia.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA") is a Delaware limited liability company with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia  23502.

6. Defendant may be served on its registered agent in Delaware, to wit: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Defendant regularly uses the mails and telephone in its business, the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

9. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Defendant PRA is a publicly traded company and one of the nation's largest purchasers of charged off debt and/or receivables.

11. The principal purpose of PRA's business is the purchase of defaulted consumer debt for the purpose of collecting said consumer debt.

12. PRA regularly engages in the collection of defaulted consumer debt throughout the United States and within the State of Georgia.

13. On August 13, 2013, PRA filed a lawsuit against Plaintiff in the Magistrate Court of Paulding County, Civil Action File No. 13-2774, attempting to collect an alleged consumer Rooms to Go account.  [Hereinafter said lawsuit is referred to as the "MAGISTRATE COURT ACTION"].

14. The Magistrate Courts in Georgia have civil jurisdiction over claims valued up to, but not exceeding, $15,000.00.

15. The statute governing the civil jurisdiction of Magistrate Courts, O.C.G.A. § 15-10-2, provides: "Each magistrate court and each magistrate thereof shall have jurisdiction and power over the following matters: . . . (5) The trial of civil claims including garnishment and attachment in which exclusive

jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $15,000.00, provided that no prejudgment attachment may be granted[.]"

16. The Magistrate Courts function as Georgia's "small claims" courts.

17. The Magistrate Courts have no jury trials, discovery only by court order, and no summary judgment procedures.

18. The Magistrate Courts are intended to be procedurally simple and "user friendly."

19. As a result, individuals (and in some cases small businesses) frequently proceed in Magistrate Court without an attorney.

20. Over the last few years, the consumer collection case load in Georgia has shifted from courts of record to the Magistrate Courts.

21. The increase in Magistrate Court caseload is likely due in part to the increase in filing fees in the Superior and State Courts over the last few years, while the filing fees in Magistrate Courts have remained relatively low.

22. Debt buyers, such as PRA, now file a great number of civil claims in the Magistrate Courts of Georgia.

23. PRA files thousands of lawsuits each year against consumers in the Magistrate Courts of the State of Georgia to collect consumer obligations

alleged to be owed to PRA by virtue of alleged post charge-off assignments from the original creditors.

24. Civil actions in Magistrate Court are commenced by the filing of a statement of claim. *See* O.C.G.A. §15-10-43(a).

25. The "statement of claim" form incorporates a description of the cause of action, a verification by the plaintiff and a notice from the court that functions as the summons.

26. "The plaintiff or his or her agent shall sign and verify the statement of claim by oath or affirmation." O.C.G.A. §15-10-43(a).

27. The statement of claim, verification and notice is required to be in substantial compliance with the statutory form provided in O.C.G.A. § 15-10-48.

28. PRA uses a form that is not in substantial compliance with the statutory form provided in O.C.G.A. § 15-10-48.

29. The notice (or summons) as specified in the statute is as follows:

> You are hereby notified that ___ has made a claim and is requesting judgment against you in the sum of __ dollars ($__), as shown by the foregoing statement. The court will hold a hearing upon this claim at (address of court) at a time to be set after your answer is filed.
>
> YOU ARE REQUIRED TO FILE OR PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT

> ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED
> AGAINST YOU. YOUR ANSWER MAY BE FILED IN
> WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE.
>
> If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them with you at the time of hearing.
>
> If you wish to have witnesses summoned, see the court at once for assistance.
>
> If you have any claim against the plaintiff, you should notify the court at once.
>
> If you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the court.
>
> You may come with or without an attorney.

O.C.G.A. § 15-10-48 (blanks and capitalization in original).

30. Notwithstanding the clear statutory requirement of substantial compliance, PRA prepared, filed and had served on Plaintiff a Magistrate Court notice that substantially departed from the required statutory form.

31. The notice (or summons) prepared, filed and served by PRA in the MAGISTRATE COURT ACTION states as follows [hereinafter referred to as "PRA's DEFECTIVE NOTICE"]:

> You are hereby required to file with the clerk of said Court and to serve a copy on Plaintiff or Plaintiff's Attorney, an answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.

- 6 -

>Your answer may be filed in writing or may be given orally (in person) to the Court.  If you mail in your answer it must be notarized.  Upon receipt of your answer a hearing date will be set and you will be notified by mail.  At said hearing, bring your witness, books, receipts or other writings bearing on your claim or defense.  Failure to appear at the time of hearing may result in judgment being entered against you.

32. A true and correct copy of the document containing PRA's DEFECTIVE NOTICE is attached hereto as Exhibit A.

33. PRA's DEFECTIVE NOTICE does not inform the consumer that "[i]f you wish to have witnesses summoned, see the court at once for assistance."

34. PRA's DEFECTIVE NOTICE does not inform the consumer that "[i]f you have any claim against the plaintiff, you should notify the court at once."

35. PRA's DEFECTIVE NOTICE does not inform the consumer that "[i]f you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the court."

36. Because of the tendency of many consumers to proceed without counsel once they are served with Magistrate Court papers by a debt buyer such as PRA, these notices are extremely important.

37. Each of the omitted statutory clauses would provide meaningful information that would not generally be known to the least sophisticated consumer.

38. The right to subpoena witnesses, assert counterclaims, and seek a court ordered deferred payment plan are all important rights that benefit consumers such as Plaintiff.

39. PRA's DEFECTIVE NOTICE states "[i]f you mail in your answer it must be notarized."

40. There is no requirement that Magistrate Court answers in Georgia be notarized.

41. Georgia law governing Magistrate Court answers specifically provides that "Verification of an answer shall not be required." O.C.G.A. § 15-10-43(c).

42. A consumer who has no knowledge of whether PRA has an assignment of a debt may be reluctant to verify a denial of that fact under oath.

43. Mail is a convenient manner for most consumers to answer a Statement of Claim in Magistrate Court.

44. By requiring that answers sent by mail be "notarized," PRA is providing consumers with a false statement of Georgia law in a manner which is designed to impose additional burdens on Georgia consumers answering Statements of Claims and to encourage defaults.

## CLASS ACTION ALLEGATIONS

45. The class which is referred to as the "PRA DEFECTIVE NOTICE CLASS" is defined as (i) all persons to whom Defendant served or caused to be served a Georgia Magistrate Court Statement of Claim (ii) in a civil action commenced on or after July 1, 2013e (iii) which was identical to or substantially similar to Exhibit A (iv) in an attempt to collect a debt incurred for personal, family, or household purposes.

46. Defendant has filed thousands of lawsuits in the State of Georgia between July 1, 2013 and the present which contained language identical to or substantially similar to Exhibit A.

47. The class is so numerous that joinder of all members is impractical.

48. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

49. The principal issues are:

    a.  Whether Defendant is a debt collector.

    b.  Whether Defendant's Statement of Claim form violates the FDCPA.

50. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

51. Plaintiff will fairly and adequately protect the interests of the class.

52. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.

53. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

54. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

55. Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for monetary damages.

## PRA'S STATEMENT OF CLAIMS FORM VIOLATES THE FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

58. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

   b. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the debtor, in violation of 15 U.S.C. § 1692e(10); and

   d. The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

59. As a result of Defendant's actions, Plaintiff on behalf of herself and the members of the class are entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, Plaintiff MARIE WOODWARD requests that the Court enter judgment in favor of herself and the class she seeks to represent against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for:

   A. Certification of this matter to proceed as a class action;

   B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

C.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

D.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff MARIE WOODWARD demands a trial by jury.

Dated this  25th  day of March, 2014.

**SKAAR & FEAGLE, LLP**

/s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

ATTORNEYS FOR PLAINTIFF